E.I. DUPONT DE NEMOURS AND COMPANY, Plaintiff Below, Appellant,
v.
BAYER CROPSCIENCE L.P., Defendant Below, Appellee.
No. 389, 2008
Supreme Court of Delaware.
Submitted: August 12, 2008
Decided: August 13, 2008
Before STEELE, Chief Justice, HOLLAND and JACOBS, Justices.

ORDER
Randy J. Holland, Justice
This 13th day of August 2008, it appears to the Court that:
(1) The plaintiff-appellant, E.I. DuPont de Nemours and Company has petitioned this Court to accept an appeal from an interlocutory order, denying DuPont's motion for a preliminary injunction, that was entered by the Court of Chancery on July 29, 2008. The Court of Chancery certified the interlocutory appeal on August 5, 2008. The Court of Chancery summarized its twenty-six page Memorandum Opinion as follows:
This opinion considers a request for a preliminary injunction concerning a supply agreement and license between two large chemical companies initially set to run from 2007 until 2015. That agreement relates to a patented chemical compound that can be usefully mixed with other patented or proprietary compounds for sale as "safened" herbicides in the United States corn growing market. The seller claims that the purchaser has breached the contract by introducing a new product line that exceeds the scope of the license and violates the terms of the supply agreement. The purchaser ultimately seeks a declaration that it has not violated the agreement and an order of specific performance. Pending resolution of the case on the merits, the purchaser seeks a preliminary injunction to ensure a continued supply of product until the case can be heard and decided on the merits.
The principal substantive question presented is whether the terms of the supply agreement and license permit the purchaser to combine or mix the supplied compound with active ingredients other than its own patented or proprietary compounds. The purchaser contends that the contract language gives it the right to combine or mix the acquired compound with any patented or proprietary compounds it acquires from other manufacturers so long as one or more of its own identified compounds is included in the mixture. The seller contends that the supply agreement and license is less broad and limits the purchaser to including one or more of its own identified proprietary or patented compounds as the active ingredient in any mixture containing the licensed compound.
Applying the standard of review appropriate to a claim for specific performance of a contract, the court concludes that the purchaser has not shown a reasonable probability of success on the merits of its claim. On the contrary, the court's review of the contract itself and the extrinsic evidence adduced by the parties in connection with this request leads to a conclusion that the seller's interpretation is more likely the proper construction of the agreement at issue. In addition, the court concludes that the purchaser has shown that the balance of hardships weighs only marginally in its favor. For these reasons, the court will refuse to issue any preliminary injunctive relief.
(2) In its application to this Court, DuPont argues that "expedited proceedings are urgently needed because DuPont must begin manufacturing its isoxadifen-safened herbicides in September and October of this year for its products to be available for purchase in traditional fall stocking programs before the start of the next crop season in or around April 2009. In order to meet market demands, DuPont must have the majority of its herbicides manufactured and on distributors' shelves by November or December before the next crop season."
(3) The defendant opposes DuPont's motion. In its opposition, the defendant notes the Court of Chancery's concern about applying North Carolina law and ruling on the merits of this matter "before the facts are fully developed." The defendants also argue that the interests of justice would be promoted if the proceedings were not fragmented by an interlocutory appeal that would not be dispositive.
(4) Applications for interlocutory review are addressed to the sound discretion of this Court and are granted only in exceptional circumstances.[1] We have examined the Court of Chancery's July 29, 2008, decision according to the criteria set forth in Rule 42. In the exercise of its discretion, this Court has concluded that, in the absence of a fully developed factual record, such exceptional circumstances as would merit interlocutory review of the decision of the Court of Chancery do not exist in this case.
(5) This Court has concluded that, to the extent expedited proceedings are appropriate in this matter, any accelerated judicial action should begin in the Court of Chancery. After the Court of Chancery applies North Carolina law and renders its final decision on the merits, based upon a fully developed factual record, the aggrieved party can apply for additional expedited consideration, if needed, by this Court.
NOW, THEREFORE, IT IS ORDERED that the application to accept this interlocutory appeal is REFUSED.
NOTES
[1] Supr. Ct. R. 42(b).